The Honorable Francis Donovan Circuit Judge 20th Judicial District Conway Courthouse Conway, Arkansas 72032
Dear Judge Donovan:
This is in response to your request for an opinion on the following question:
 In regard to the newly created office of Juvenile Judge, I need to know if said judge has jurisdiction of any kind over the Circuit Court cases. It is my understanding that the Juvenile Judge is to be primarily concerned with the Juvenile Court and related matters and that he may assist the Chancery Judge and/or the Circuit Judge if time permits and only UPON SPECIFIC REQUESTS of the Chancellor or the Circuit Judge. (Emphasis original.)
The new judgeships to which you refer are authorized under Amendment 67 to the Arkansas Constitution, which gives the General Assembly the power to define jurisdiction of matters relating to juveniles. Under the authority of this amendment, the General Assembly has enacted Act 294 of 1989. This act establishes a separate juvenile division of the chancery court in each judicial district. That act provides that existing judges shall perform the duties of juvenile judge, but also provides in Section 3(b) that:
 (b) The General Assembly may, from time to time, provide for the creation of additional circuit-chancery judgeships in any judicial circuit in which the workload (necessitates it).
Pursuant to this authority the legislature enacted Act 949 of 1989, which establishes 17 new circuit-chancery judgeships, and which provides that these new judges shall be the judge of the juvenile division of chancery court. Section 1 (a)(1)(Q) establishes one circuit-chancery judgeship in your judicial circuit. Section 1 (d) of the act provides, relative to this judgeship, as follows:
 The judges of the additional circuit-chancery judgeships created in this section shall devote such time as may be required to perform the duties of judges of the juvenile division, which duties shall be the primary obligation of the judge, and shall sit as judge of the circuit, chancery, or probate court as time permits.
See also Section 3 (c) of Act 294 of 1989. Thus, in response to your question, juvenile matters are to be the primary concern of the juvenile judge. The law provides, however, that these judges "shall sit as judge of the circuit (or) chancery . . . court as time permits." There is no provision which requires the request of the other circuit or chancery judges as a prerequisite to the new judge sitting in this capacity. The new office of "juvenile judge" is actually a circuit-chancery judgeship. See Act 949, Section 1. The new "juvenile judge" is thus qualified to sit as a circuit judge or chancellor, but may only do so if time permits.
The answer to your question is thus "yes." The new "juvenile judge" does have jurisdiction over circuit cases, but may only exercise it if time permits.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.